IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DUNCANVILLE DERMATOLOGY CLINIC, P.A. | § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 3-05-CV-1364-BD |
| COMMISSIONER OF INTERNAL REVENUE | § § § § | |
| Defendant. | § | |

**MEMORANDUM ORDER**

Defendant Commissioner of Internal Revenue ("the Commissioner") has filed a motion for summary judgment in this collection due process appeal brought by Plaintiff Duncanville Dermatology Clinic, P.A. ("DDC") challenging the assessment and collection of delinquent employment taxes, penalties, and interest for all or part of the 1999, 2000, 2001, and 2002 tax years. In its complaint, DDC alleges that: (1) the tax assessments reflected in the IRS transcripts "do not appear to be correct;" (2) certain payments have not been credited to its account; and (3) the calculation of penalties and interest are erroneous. (*See* Plf. Compl. at 2, ¶ IV). The Commissioner now moves for summary judgment on the ground that DDC has failed to overcome the presumption that the Form 4340 Certificates of Assessment are correct.[1]  The issues have been briefed by the parties and the motion is ripe for determination.

---

[1] The Commissioner also moves for summary judgment on the ground that the IRS did not abuse its discretion by refusing to settle over $1.3 million of outstanding tax liabilities for $200,000 as proposed by DDC at the collection due process hearing. However, the court does not read DDC's complaint to challenge the rejection of this in-office compromise. Nor does DDC mention the settlement offer in its summary judgment response. Because DDC does not pursue its claim under this theory, the court need not address this aspect of the summary judgment motion. *See Anderson v. Park Place Motorcars, Ltd.*, 159 F.Supp.2d 391, 397 n.11 (N.D. Tex. 2001).

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c). The moving party has the initial burden of demonstrating that there is no genuine fact issue for trial. *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). The burden then shifts to the non-movant to show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 113 S.Ct. 82 (1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993).

In an attempt to satisfy its initial burden on summary judgment, the Commissioner relies on the Form 4340 Certificates of Assessment for each of the tax periods at issue, which collectively show that DDC has an outstanding tax liability of $390,769.37. (*See* Def. MSJ App., Exh. 3 at 035-110).[2] These forms are "presumptive proof of a valid assessment where the taxpayer has produced no evidence to counter that presumption." *United States v. McCallum*, 970 F.2d 66, 71 (5th Cir. 1992); *see also United States v. Estabrook*, 78 F.Supp.2d 558, 561-62 (N.D. Tex. 1999) (Kaplan, J.). DDC counters with the affidavits of Bill V. Way, its president, and Milton Padgett, a certified public account. Way states:

> I have reviewed the various documentation provided by the Internal Revenue Service ("IRS") of the computations. The information provided by the IRS appears to be incomplete.

---

[2] A Form 4340 Certificate of Assessment is a document signed by an IRS assessment officer identifying: (1) the taxpayer; (2) the date of the assessment; (3) the character of the liabilities assessed; (4) the applicable tax periods; and (5) the amount of the assessment. *See* 26 C.F.R. 301.6203-1, Treas. Reg. § 301.6203-1 (1967). In addition to the amounts shown in the Form 4340 certificates, the Commissioner has adduced evidence that DDC has incurred penalties and interest totaling $507,055.45. (*See* Def. MSJ App., Exh. 2 at 012-34).

> The IRS' records do not appear to accurately reflect each and every tax deposit that was made. Tax deposits were made that are not recorded in the IRS' accountings.
>
> The factual evidence provided by the IRS does not appear to be complete and or accurate as the amounts it is basing its case on have been derived from assessments that were improperly imposed and as such are erroneous.

(Plf. MSJ App., Exh. 1 at 1, ¶¶ 3-5). However, Way fails to identify any of the deposits that allegedly were made by DDC but not accounted for by the IRS. Indeed, Way admits that "I have made numerous attempts to retrieve the records from the banking institution utilized at the time; however, to date, the information has not been provided to me." (*Id.*, Exh. 1 at 1, ¶ 6). Such conclusory, self-serving assertions regarding the accuracy of IRS records are not competent summary judgment evidence and are insufficient to create a fact issue for trial. *See United States v. Key*, 308 F.Supp.2d 727, 729 (N.D. Tex. 2004) (self-serving affidavits held insufficient to rebut presumption of validity attached to Form 4340 Certificate of Assessment).

Padgett states that the IRS improperly calculated the amount of penalties and interest "for many of the quarters at issue in the pending lawsuit[.]" (Plf. MSJ App., Exh. 2 at 3, ¶¶ 6-7). Although he attaches 64 pages of calculations to his affidavit, Padgett does not explain how the calculations were performed and offers no discussion of how he arrived at his ultimate conclusion. In addition, the Commissioner argues that Padgett has understated the amount of penalties due by failing to include an extra 5% penalty for deposits that were more than 15 days late, *see* 26 U.S.C. § 6656(b)(1)(B), and by erroneously treating all deposits as due at the end of the quarter rather than on a semi-weekly basis, *see* IRS Pub. 15 (Circular E) at 19-20, *available at* http://www.irs.gov/formspubs/index.html?portlet=3. DDC offers no evidence in its sur-reply to rebut this point.

## **CONCLUSION**

DDC has failed to adduce competent evidence to overcome the presumptive validity of the Form 4340 Certificates of Assessment or to create a genuine issue of material fact for trial. Accordingly, the Commissioner's motion for summary judgment [Doc. #13] is granted. The court will dismiss this case with prejudice by separate judgment filed today.

SO ORDERED.

DATED: October 23, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE